Welcome everyone to this week's session of the 11th Circuit Oral Arguments. Judge Lagoa, Judge Abudu, and I are very pleased to be here in Miami. We'll get right to it. The only thing I'll remind the advocates is that, as Judge Edmondson used to say, we have our traffic light system and the red light is not aspirational. OK, so when the red light comes, just complete your remarks and we'll move on. All right. With that, we're going to call our first case, United States v. Mr. Johnson. This is case number 21-14144. Counsel, you may proceed. Good morning, Your Honors, and may it please the court. Kate Taylor, Assistant Federal Public Defender, on behalf of the appellant, Farrell Johnson. Mr. Johnson has argued, and the government agrees, that the district court erred in applying 2K2.1A3 to enhance Mr. Johnson's base offense level under the guidelines. Because the government has conceded this procedural error, vacature of the sentence and remand for resentencing is required. The district court's purported keen statement is plainly invalid, especially in light of this court's recent cases in Binternoff and Green. As a result, the error is not harmless, and the court must vacate Mr. Johnson's sentence and remand for resentencing. At that point, I'm looking at page 7 of the sentencing transcript, and I just want to make sure that I'm considering the correct language from the district court with respect to keen, because I agree with you, it seems the concession moots the other issue. So I'm looking at the second full paragraph that says, and so what I would indicate to you, the sentence imposed today would be the same in the event that the circuit does not take up the issue. Why is that not sufficient under keen? Your Honor, that is not sufficient under keen, primarily because of the time during the sentencing hearing in which the district court made that statement. So that statement was made before the court had actually announced what the guidelines were, before it had considered 5G 1.3, the concurrent versus consecutive sentencing issue. And more importantly, under this court's recent precedent in Binternoff and Green, it was before the court had heard any argument from the parties as to the 3553A factors, and before the court had permitted Mr. Johnson the opportunity for allocution. And what this court has said in Binternoff and in Green is that that is categorically insufficient, because it essentially renders everything in the sentencing hearing that came after the purported keen statement null and void. I think that was a quote from Green, and in Binternoff, the court says that to announce a keen, a purported keen statement prior to, the quote is, a sentencing court cannot therefore insulate itself from appellate review by declaring before hearing any argument on the 3553A factors, and before providing the accused the opportunity to allocute, that it would have imposed the same sentence anyway. Does that mean that what we're really talking about is a different error? In other words, it's not that keen doesn't apply. It's not that the error regarding the application of the career criminal guideline is harmless. What really is a problem is by doing what the district court did, he actually disregarded allocution and didn't properly consider the 3553A factors in making his sentencing determination, right? I think that is why the keen statement or why the statement fails keen. And that seems to be a hard argument to make if you read our keen case law, because let's just take Goldman, for example. Goldman says, and this is straight from keen and you can look at any of our keen cases, but a calculation is harmless where one, and this is direct quote, the district court states that it would have imposed the same sentence, even absent an error. And two, the sentence is substantively reasonable. If that is the keen test, and that is what I understand to be the keen test, this would seem to apply. The statement that Judge Abudu read is exactly right. The court said, if this error is gone, I would have imposed the exact same sentence. In fact, the court even reiterated later, this is the absolute minimum I ever would have imposed. And secondly, in my mind, it's absolutely reasonable if you just look at the 3553A factors. So I think it's a tough argument for you to make that this is just a keen error. It seems that what you're really arguing to us is by doing what the district court did. The district court essentially didn't allow an aliquot before making the sentencing determination and didn't consider under our substantive reasonableness case law in Irie, that the district court failed to consider the 3553A factors. Is that really what your argument is to us? I don't think so, Your Honor. I think what the error in this case is, is a guideline error, the one that the government has conceded. And then the court moves on to the next step, which is, is that error harmless? Well, the issue in Keene is when you read the case law. Now, this judge is the same judge that made the error in Green and Bender Ruth. It's the same judge. And they have a proclivity to make the statement prior to making the decision about sentencing or articulating what the sentencing will be for the defendant. And the point of Keene is to say, after you've heard everything, all the factors, and you've heard the elocution from defendant to say, I would still make the same sentencing decision regardless of a guideline calculation error, if there is one. That's the whole point of Keene, which is the insulation of the decision by the sentencing judge. Correct? Absolutely, Your Honor. Right. And the problem here is this particular district court judge has a proclivity of making this proposed Keene statement in order to insulate himself from review from this court. I would agree with that statement, Your Honor. And I think in this instance, it is a fairly unique record. I think because I'm not aware of this pattern emanating from any other district courts. In this district, certainly that's where I practice. I didn't come across anything else. And so I think what we're dealing with here is a situation where this district court, for whatever reason, has this pattern, and that under Bindernoff, under Green, and under Keene itself, Keene itself, the district court in Keene made it all the way through the sentencing hearing, ruled on what the guidelines, what it believed the guidelines to be, heard argument on the 3553A factors, permitted the defendant the opportunity to allocute, pronounced sentence, and then at that point… I mean, I can't remember now if it was Green or Bindernoff, but in one of those cases, after the purported Keene statement was made, the district court judge realized that there was a guideline error. Yes, Your Honor. It may actually have happened in both Bindernoff and Green, but I think the important takeaway from, I would argue, Keene itself, but certainly this court's analysis of Keene in Bindernoff and Green, that as long as the district court makes that purported, that putative Keene statement prior to 3553A arguments, or allocution, either one, but in this case we have both… Do we have any doubt that the district court would have imposed the same sentence, but for the error? Yes, Your Honor. I think based on this record, this court cannot be confident that the district court would have… What about the statement after everything was done, so after the two things that you say are causing the error here, allocution and the 3553A statement, that this is the absolute minimum sentence that I would have given, or something to that effect? Yes, Your Honor, and that, the court said, couched that in terms of the guidelines, even in that statement. It said that the 84-month bottom of the guideline sentence is the minimum I would give, and so I think because the court, in making that statement, is still tethered to the guidelines, which were erroneous… Why is that not just the statement of where it is? In other words, the 84 months, which happens to be the bottom of the guidelines, is the least that I would possibly give. That's not the statement that the court… But we don't read things in isolation. We already know. He already said that if I got the guidelines wrong, I would give the same exact sentence. So we have to read those things together, don't we? I think that the court can read those together. No, not can. Mustn't we read statements together? In other words, we don't isolate district court statements without looking at the entire sentencing transcript and record, right? Certainly not, but I think what you have here, if the court is looking at the entire sentencing transcript, is one statement at the very beginning, before the court has announced the guidelines, has considered the 5G 1.3… And then a confirmation of that very thing at the end, after having heard everything. Based on the court's erroneous understanding of the guidelines, and it wasn't actually at the very end… It's not an erroneous understanding. He said, if I'm wrong, I would give the same exact sentence, and then at the end he says, the least I would ever give is the bottom of this guideline. The least I would give, the least he is deserving of, is the 84-month bottom of the guidelines. And so I think, based on Keene, the court cannot find a guideline error harmless, unless it is sure, based on the record. Why isn't that not sure? I mean, with the district court making that statement, the timing and the sentencing transcript works better for the district court, right? Because now that statement is coming after all of the considerations you made. So my question is, are we supposed to completely discount the Keene effort made, that was not proper, when considering how much weight to place on that 84-month would be the minimum anyway? I see that my time is up, but just to answer your question, Judge Abudu, I think that that statement alone would plainly fail Keene. And the fact that the district court is still talking about the sentence in connection with its understanding, its erroneous understanding of the guidelines, does not save it. And finally, I'll end with the fact that that statement doesn't come at the very end of the sentencing hearing either. It comes before the district court has fully analyzed 5G1.3. And so I don't think it saves it under this record, and I don't believe that this court can be confident, can be confident enough that Keene, as Keene requires, to find this guideline error harmless. Good morning, and may it please the court, Natasha Hernald-Davis on behalf of the United States. This Supreme Court has directed that courts must look at the entire context of sentencing when considering error. That's in Molina-Martinez. And when this court does look at the two statements that the district court made, so on page 7 of the sentencing transcript, and again on page 13 of the sentencing transcript, where the court says, I would impose the same sentence regardless of what the outcome is in this enhancement issue, and then later says, I've considered these factors, the defendant had already allocated, the parties had made their argument, and the district court says that the lowest that Mr. Johnson is deserving is 84 months. And that meets the Keene requirements. Keene requires that the district court indicate that it would impose the same sentence, and that the sentence imposed be reasonable. Those two factors are met here. Let's assume for the moment the second statement didn't exist. Let's assume that we just had the first statement. Would that be sufficient? I obviously think that's a much harder case. I do think it does. Assume with me that that is the harder case you have. Yes. Because it doesn't meet it. I think it does meet the requirements of Keene. As Your Honor laid out, Keene has the two kind of basic requirements. One is simply that the district court indicate to this court that it would impose the same sentence regardless. At what point, though, is there not some temporal requirement that maybe is unstated but is there? So let's take this hypothetical. Imagine the district court convenes. The sentencing says, welcome, everyone. We're here for sentencing. I reviewed the PSI. I reviewed your objections. I'm overruling all objections, and I just want you to know that if I'm wrong on any of them, I'm going to impose the same sentence that I'm going to give no matter what. Counsel, go ahead and give your argument. Is that sufficient? I think under Keene, yes. I think it would be not a best practice by any means. But the test that this court has laid out in Keene, what Your Honor described – How can a district court say that – because the second part of Keene is that a sentence is reasonable otherwise. How can we have made that call if the district court literally has nothing at the sentencing? Sentencing hasn't even happened yet. He just jumps the gun and does all of that right at the beginning. I understood the second part of Keene to be what this court is considering. So it is asking the counterfactual of if the defendant had received the benefit of what the defendant was requesting. Was the actually imposed sentence from this court's perspective substantively reasonable? And, again, that requirement is met in this case because the 84-month sentence that Mr. Johnson received was a within-guideline sentence even though the enhancement did not apply. Why is there not, though, some temporal requirement? Your opposing counsel says that if you read Keene, Keene, which is sort of what started all of this, that case is one where the whole sentencing happened. And at the end of the entire sentencing, the district court made the statement that he did, and then we reviewed it. And that is the pattern for all of those or just about all of those that I've seen in published cases. This sort of is outside of that pattern. Why is that not at least embedded as part of our analysis and how we analyze Keene? That comes from kind of the origin story of Keene. So Keene relies on the concurrence in Williams. And Williams, I believe it's Judge Carnes, is asking district courts to signal to courts of appeals, is this something that you need assistance with? Does this affect your sentence when you are considering these enhancements? And so it was focused more on a judicial economy component as opposed to what we're talking about in cases like Green and Binderoth with the concerns about allocution. So Keene itself didn't include that timing requirement. It did happen that in Keene, the point where the district court announced the Keene finding was after the 3553A factors. But I would also point this court to a case called McClellan, which is cited in Green. I acknowledge that we did not cite it in our briefing, so I do want to be upfront about that. But if you look at McClellan, which is at 958 F 3rd, 1110, you'll see that there's a footnote for where it looks like the district court also said something before it imposed the sentence, which was if I have determined that he is a career offender incorrectly, I would still sentence him to 15 years. And then the court later said. So I would just before you continue, I would just note that our local rules are actually pretty clear about a situation like this, but where you're going to cite a case to us that you haven't brought up before that you should bring copies and notify everybody so that I apologize to be on board just in the future when you argue in front of this court. I apologize. Thank you. I do still continue to represent that the district court met the two requirements of Keene in this case. And also the district court is entitled to the presumption of regularity that it was acting in accordance with Keene not to subvert. So what do we have here instead? I mean, because it does seem that there is some sort of error in making a sentencing decision. I mean, essentially, the district court is reaching a conclusion before hearing everything. And if let's say at the end of the day, the hypothetical was that the district made the statement that he made and then stopped sentencing completely at that point. That would be error, right? Absolutely. What kind of error would that be? It would be the lack of procedural reasonableness for failure to consider all the thirty five fifty three factors. And also allocution, too, right? Absolutely. Right. So how is that? Is that what we have before us? Is that a preserved issue? Like where how do we deal with that? Because that does seem to be an error here of some sort. How do we how do we deal with those errors that were those raised to us? Is that the argument that's actually being made to us? How do we handle that? That the failure to. Well, I. The preservation issue in this case is complicated because no one objected at the moment and said, your honor, you cannot adequately make a keen finding based on the statement, but the purpose of keen is for harmless error review. So stacking kind of standards of review onto each other is a pretty complicated situation and generally not one for preservation purposes. Correct. Right. So what is the what is the error that your opposing counsel has presented to us? Because your opposing counsel gets up here and says, listen, by doing it this way, you've essentially cut out consideration of the three, five, five, three factors by the district court. And you you've sort of undermined the right to allocution, which is a very important right. One that essentially is almost automatically reversible in the circuit. Right. I don't think that in this case there was the concern about allocution. Mr. Johnson did allocate and you have at the end of sentencing. I know, but not not at the point at which the district court is telling us, not the point at which we have to actually review the sentence, because we review it from the point at which the district court tells us I would give the same sentence. But for this, at that point, there was no allocation and no consideration of the three, five, three factors that we could tell. I disagree that that's the point at which this court reviews the sentence. This court reviews the entire sentencing transcript. And that comes from Molina Martinez, which I started with. Unless the court has any further. Yeah, I have a question about the issue with respect to the federal and the state sentences running concurrently. So my first question is, when you say that the court made the Keene statement, the second purported Keene statement after sentencing, it does seem that that was made before consideration and the rejection of the request that the sentence sentences run concurrently. And that does seem problematic. One, in terms of timing. And then number two, whether or not the district court at least satisfied the bare minimum of discussing the concurrent sentence issue. So to address the timing issue first, I agree that the district court had not yet imposed a sentence, but it had heard the allocution and it had considered the party's arguments. And it was answering the question of whether or not it would impose the sentences concurrently or consecutively. And you can see that at page 13 of the sentencing transcript where he says. Where the parties are directly discussing the concurrence issue and the court says, well, he has an extensive criminal history. I have no problem with giving him the bottom of the guidelines. I think that under all the circumstances, particularly given his criminal background, I won't continue reading. But he then immediately says, I don't agree that the sentence should run concurrently. So that is the court's decision right there. Right. But don't the sentencing guidelines or case law require that the district court do more than just provide that one sentence? I think there's some consideration as to the district court's authority to do so. It seems that the guidelines and our case law favor concurrent sentences so that people are not serving two sentences for almost the same crime. So, again, is that one sentence which I appreciate you acknowledging that that's pretty much the extent of it? Is that enough? So under if we're turning more directly to the concurrent and consecutive sentence? Yes, that is enough under the abuse of discretion standard for the adequacy of the explanation and for the court acknowledging that it had the authority to do this. You can see, again, if you review the entire sentencing transcript, that defense counsel. Alerts the court in the PSR, page three of the addendum, and says, I'm asking this court to run the sentences concurrently and then probation responds at sentencing itself. The district court asks defense counsel, are you about to raise your concurrent argument indicating that the district court was well familiar with the concurrent consecutive arguments that the defense counsel was making? Defense counsel actually says, no, not yet. I know I have the transcript. I appreciate that. And you're and I agree with your recitation in terms of what happened. But what you're also acknowledging, especially as I rely on our decision in ward, that the district court at least is supposed to have some kind of discussion or consideration. Your response suggests that everything was in the district court's mind, but it's not on the paper for us to consider. And so, again, my question is, under ward, is that sufficient? Yes, your honor. What the district court did here was sufficient in terms of acknowledging that it had the authority to run the sentences consecutively or concurrently. And for the adequacy of the explanation in choosing to do so based on Mr. Johnson's extensive. He says it's out of my hands. It's out of my hands. But I don't want to. But I don't want to encourage that disposition, which, again, is counter to what the guidelines in the case law suggests. And there's no explanation. So it is something I'll ask opposing counsel. But I do question whether or not that's sufficient under ward in the guidelines. May I respond to that? I see my time is close. The when the district court was saying it's out of my hands. I understood that to mean that what the sentence, what the state court decides to do is not within the district court's hands. Discretion, but that the district court itself was aware that it had the discretion. To impose the sentences consecutively or concurrently, so it's saying, I don't know what this party over here is going to do, but I am aware that I can make this decision, right? But the question is not about whether the district court recognizes it has its discretion. It's whether or not the court provided us enough information to understand how and why it exercises discretion in this way. And again, from your answer, it sounds like you agree with me that the court at least did not do that. I believe that the well, the district court's explanation where it cites to Mr. Johnson's criminal history is adequate explanation. Unless the court has any further questions, we rest on our briefs. Thank you, Your Honor. So I will start where to do left off, I guess, which is the 5G 1.3C issue. And I think that your honor is is hitting right on the right point here, which is that I all of the analysis that the district court did is extremely sparse. It does not give this court any real material with which to evaluate whether it was. Let me ask you a hypothetical. If the district court had said, take the 5G 1.3 issue out, just a regular straight sentencing here. So no objections to guidelines, just a straight reasonableness objection. And if the district court had said here to everyone heard from the heard from the government, heard from the defense, heard from witnesses. And at the end of it says I have considered the statements and arguments of the parties and everything presented to me. And based on the three, five, five, three factors, I determine a sentence of the middle of the guidelines being 80 months. Would that be something we would review or find no meaningful, no meaningful review? That seems to happen a lot. It does, Your Honor. And I think that it's hard to answer definitively in every case. But I understand that you're in this business. You know that that we have generally said whether we're right or not. We have generally said that that is sufficient and meaningful review for us to do a reasonable determination. Right. I think barring other circumstances, probably that's where the court would come out. But I do think this is different because 5G 1.3C instructs the court that it shall. And we appreciate Post Booker that that is a recommendation, but it gives a suggestion. And so the fact that the court did the exact opposite is more akin to imposing a sentence above the guide. What do we do then with the district court statement that it considered the the objections filed or the pleadings filed? And the PSI, both of which brought specifically brought that issue. Hey, judge, the guidelines tell you this has to be concurrent. We are asking you to run this concurrent within your discretion. PSI specifically says, judge, this is what the guideline says. You have the discretion to do this. And then the district court hears everything, talks about specifically the criminal history, seems very troubled by some things that happened in the defendant's past and then says that I'm running the sentence consecutive rather than concurrent. When you have all that, it's hard. How do we say there's no meaningful review under our case law? I think that what the court just said is probably more than what the district court said in the sentencing transcript. I can point to where it says that I've reviewed the PSI and I've reviewed the statements of the parties. And I then went and looked at those things. And then those things indicate that exactly what the issue we're talking about was brought up to the court. Absolutely. The court makes that wrote statement that it says that every sentencing hearing, whether it engaged on the road is that's where I think I, you know, you and I may have some differences. I take district courts at their word. They're officers of the court. This gets to the issue. Your opposing counsel said about the assumption of regularity. I don't assume when a district court says something that it's just wrote. I assume that when it says something, it actually did it. And so assuming they did it without any indication they didn't. Don't we have a meaningful review in the sense that this was specifically brought up by by you, by your client? This was specifically raised in the PSI. And this report had all that information and making the call about why under the three five by three factors, it should come out consecutive rather than concurrent. Yes. And I'm not suggesting that the court was misrepresenting what it had done. I'm just suggesting it's the same statement that is made at every sentencing hearing. However, I think even assuming that the court absolutely considered everything that was filed, it still doesn't explain. It doesn't provide adequate explanation for its decision to disregard 5G 1.3C. And I think under kind of a reasoning by analogy to the court's consideration of above guidelines sentences or even below guidelines sentences, more is required when the court is going to do something other. It's your position that it wasn't sufficient for the district court judges to say that he didn't believe that the sentence should run concurrently and that he was specifically finding that it should run consecutively, that he needed to articulate the reason why. Yes. And I think that that is supported by Ward. In Ward, the district court similarly did not specifically reference 5G 1.3, but but did not follow 5G 1.3C. And it didn't explain why. And I think it's in this court found that to be insufficient, even on plain error review. I also think the district court misunderstood the effect of its decision because it seemed to believe that the state court would still be free to order that the sentence run concurrently, which would given that Mr. Johnson was in primary state custody or primary state jurisdiction would have no effect on the Bureau of Prisons. But I would just seeing that my time is up, I would ask that the court vacate Mr. Johnson's conviction or in the alternative vacate his sentence and remand to a different district court for resentencing. Thank you, Your Honor. So we're informed that this was your first time appearing here. And I can just say you did a great job. Thank you so much.